[Cite as *State v. Lecky*, 2014-Ohio-1527.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130445 |
| | | TRIAL NO. B-1107956-A |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| DELROY LECKY, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  April 11, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William R. Gallagher*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1} This is an appeal from the denial of a motion to dismiss an indictment in a criminal case. In the proceeding below, the defendant had been indicted on two sets of charges: one set stemming from a search of the defendant's car, the other from a search of the defendant's home. The trial court suppressed evidence relating to the home search and the state attempted to appeal the suppression order. The state's notice of appeal was untimely, however, and this court granted a motion to dismiss. The state then proceeded to prosecute the charges related to the automobile search. The defendant filed a motion to dismiss those counts, arguing that our dismissal of the appeal from the suppression order barred the state from prosecuting the remaining counts.

{¶2} We affirm the trial court's denial of the motion to dismiss. The order from which the state previously attempted to appeal dealt only with the home search. Our order dismissing that appeal did not preclude the state from pursuing the other charges in the indictment.

I.

{¶3} Police stopped and searched a car driven by defendant-appellant Delroy Lecky and found marijuana. Armed with that evidence and a utility bill found in the car, the police obtained a warrant to search Mr. Lecky's home. There, the police discovered larger quantities of marijuana and a firearm. Mr. Lecky was indicted on five counts. Counts 1 and 2 were for trafficking in and possession of the marijuana found in the car. Counts 3, 4, and 5 were based on the evidence found in the home, and alleged trafficking in and possession of marijuana and having a weapon under disability.

{¶4} Mr. Lecky moved to suppress the evidence recovered from his home, arguing that the warrant was not based on probable cause. Mr. Lecky conceded that the

2

search of his vehicle had been valid and, therefore, did not challenge that search in his motion to suppress. The trial court determined that the affidavit for the search warrant was insufficient to establish probable cause and granted the motion to suppress the evidence recovered from Mr. Lecky's home. The court issued a written entry which provided: "For good cause shown the motion to suppress the search of the defendant's residence is hereby granted. The Court finds that the affidavit for the search warrant was insufficient." The state filed a notice of appeal from the judgment granting the motion to suppress, attaching a copy of the written entry.

{¶5} The state's right to appeal an adverse decision on a pretrial motion to suppress is created by statute. R.C. 2945.67(A). Crim.R. 12(K) provides the procedure for taking such an appeal, requiring the state to certify that (1) the appeal was not taken for purposes of delay and (2) the ruling on the defendant's motion rendered the state's proof so weak in its entirety that any reasonable probability of effective prosecution had been destroyed.

{¶6} Crim.R. 12(K) provides that such an appeal "shall not be allowed unless the notice of appeal and the certification * * * are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion." The state made the required Crim.R. 12(K) certification, but it missed the seven-day deadline. It attempted to correct this deficiency by filing something that it styled as a "motion for delayed appeal." We denied the state's motion for delayed appeal and granted Mr. Lecky's motion to dismiss. *State v. Lecky*, 1st Dist. Hamilton No. C-130038 (April 19, 2013).

{¶7} Following our dismissal of the state's appeal, the state returned to the trial court to prosecute counts 1 and 2, which stemmed from the automobile search. Mr. Lecky filed a motion to dismiss those counts. His motion was premised on the theory

that because the state failed to include language in its Crim.R. 12(K) certification limiting its appeal to counts 3, 4, and 5, the appeal necessarily included all the counts alleged in the indictment. Under Crim.R. 12(K), "[i]f an appeal from an order suppressing or excluding evidence pursuant to this division results in an affirmance of the trial court, the state shall be barred from prosecuting the defendant for the same offense or offenses[.]"

{¶8}    The trial court denied the motion to dismiss on the grounds that the suppression order had been limited to the evidence recovered from Mr. Lecky's residence. Mr. Lecky subsequently pleaded no contest to counts 1 and 2, and he now appeals the trial court's decision denying his motion to dismiss.

II.

{¶9}    In his sole assignment of error, Mr. Lecky makes the same argument that he made below: that our dismissal of the prior appeal bars the state from any further prosecution of the offenses for which he was indicted. The crux of the argument is that because the state did not stipulate in its Crim.R. 12(K) certification the counts of the indictment that it was attempting to appeal from, this court's dismissal order bars the state from prosecuting Mr. Lecky on any of the counts in the indictment. We are not persuaded.

{¶10}    Quite simply, we fail to see that Crim.R. 12(K) has any application to counts 1 and 2. The relevant sentence of the rule provides as follows:

> If an appeal from an order suppressing or excluding evidence pursuant to
> this division results in an affirmance of the trial court, the state shall be
> barred from prosecuting the defendant for the same offense or offenses
> except upon a showing of newly discovered evidence that the state could

4

not, with reasonable diligence, have discovered before filing of the notice of appeal.

{¶11}   As an initial matter, it is not immediately clear that this provision applies at all in situations such as the one here where there was an attempt to appeal, but the appeal was never timely perfected.  But we need not reach that issue because even assuming that the dismissal of an appeal as untimely constitutes "an affirmance of the trial court" and acts as a bar to further prosecution under the rule, the bar is limited to prosecutions for the "same offense or offenses."

{¶12}   In this case, the state made no attempt to appeal anything except the suppression order relating to the search of the house.  The notice of appeal, not the Crim.R. 12(K) certification, delineates the matter appealed from.  The suppression order, which was identified as the subject of the appeal in the state's notice, dealt only with the search of the home.  The search of the home, inarguably, related only to counts 3, 4, and 5 of the indictment.  Thus, the only counts of the indictment implicated by the attempted appeal to this court were counts 3, 4, and 5.  Accordingly, Crim.R. 12(K) could not bar prosecution for counts 1 and 2 because they were not the "same offenses" at issue in the state's dismissed appeal.

### III.

{¶13}   We overrule the assignment of error and affirm the trial court's decision denying Mr. Lecky's motion to dismiss.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.